# EXHIBIT 2

# Complaint & Jury Prayer

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| VERIZON MARYLAND INC.<br>One East Pratt Street, Floor 8E<br>Baltimore, Maryland 21202 | *<br><br>* |
| Plaintiff | *   Case No. |
| v. | * |
| BLACK HORSE CARRIERS, INC.<br>500 West Madison Street, Suite 3700<br>Chicago, Illinois 60661 | *<br><br>* |
| <u>SERVE ON</u>:<br>Keith H. Berk, Resident Agt.<br>500 West Madison Street, Suite 3700<br>Chicago, Illinois 60661 | *<br><br>*<br><br>* |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

Now comes Plaintiff, Verizon Maryland Inc. ("Verizon" or "Plaintiff"), by and through its counsel, Philip M. Wright and Anderson & Quinn, LLC, and hereby files this Complaint against Defendant, Black Horse Carriers, Inc. ("Black Horse" or "Defendant") and as grounds therefore states:

1. Verizon Maryland Inc. is a corporate entity maintaining offices and conducting telecommunication business in the State of Maryland.

2. That Black Horse is an Illinois corporate entity which conducts regular business in Baltimore County, Maryland.

3. At all times relevant herein, Plaintiff had lawfully maintained as part of its telecommunications distribution system certain lawfully placed aerial cables at or near Old Eastern

1

Avenue and St. Stephen's Lane, Essex, Maryland 21221.

4. On or about March 27, 2019, Defendant was engaged in and participated in loading/unloading operations at or near the aforementioned location.

5. Jurisdiction is proper as all events complained of took place at or near Old Eastern Avenue and St. Stephen's Lane, Essex, Maryland 21221.

## COUNT I
### (Black Horse– Negligence)

6. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-5 of this Complaint as if fully set forth herein.

7. At all times relevant to this Complaint, Defendant had a duty to avoid open and obvious hazards while conducting its construction related activities. Moreover, it had a duty to refrain from manipulating, interfering with or otherwise harming property of another lawfully placed without its permission.

8. Notwithstanding this duty and in breach thereof, Defendant, on or about March 27, 2019, did negligently attempt to back in or out of shopping center loading dock area and went under Plaintiff's aerial cables across the street at or near Old Eastern Avenue and St. Stephen's Lane, Essex, Maryland without care to the overhanging aerial cables and pulling them down. This negligence consisted of failure to keep a proper lookout for the cables driving under them, failure to exercise due care, failure to properly instruct and supervise its agents servants and/or employees, failure to take reasonable precautions to prevent damage, failure to ensure proper standards and practices were followed and Defendant was otherwise negligent.

9. As a direct and proximate result of the negligence of Defendant, its agents, servants and/or employees, Plaintiff's telecommunications facilities were struck, broken and otherwise

damaged.

10. By reason of the damage caused by Defendant, its agents, servants and/or employees, to Verizon's telecommunications facilities, Verizon was required to expend an amount in excess of $75,000.00 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned negligence without any negligence or want of due care on the part of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00 (Seventy-Five Thousand Dollars) plus interest, costs and any other relief this Court deems just and proper.

Respectfully submitted,

ANDERSON & QUINN, LLC

/s/ Philip M. Wright
Philip M. Wright
Adams Law Center
25 Wood Lane
Rockville, Maryland 20850
301-762-3303
pwright@andersonquinn.com
AIS No. 0012130405
*Attorneys for Plaintiff*